# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| OBETH MAIPANDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1236-RLW |
| | ) | |
| LINDENWOOD UNIVERSITY | ) | |
| SCHOOL OF EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Obeth Maipandi for leave to commence this action without payment of the required filing fee [ECF Doc. 2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks over $4 million in this action, which she summarily states is brought pursuant to "(i) Fourth (4th) amendment to the constitution; (ii) Title (iv) of the Civil Rights Acts of 1964; (iii) title (vi) of the Civil Rights Act of 1964; (iv) Equal Educational Opportunities Act of 1974 [EEOA]; (v) Title (iii) of the Americans with Disabilities Act; (vi) Title (ix) of the Educational Amendments of 1972; and (vii) Section 504 of the Rehabilitation Act of 1973 and individuals with disabilities Education." (ECF Doc. 1, p. 2). The named defendants are Lindenwood University School of Education ("Lindenwood University"), Cynthia Bice (Dean of the Education Department), Terry Stewart (Assistant Dean of the Education Department), and John Long ("Head and Coordinator of the Education Department Higher Education Leadership & Administration").

Plaintiff alleges that she "was terminated from [the Lindenwood University] Doctorate Degree pursuit that [she] sacrificed over eight years and worked to earn." (ECF Doc. 1, p. 5). She states, "I successfully completed and paid for all the stipulated academic courses except [the] Dissertation (Thesis) towards defense which I have gone 80%, the Lindenwood University . . . decided to withdraw me without the Doctoral Degree Certificate in December 2014." *Id.* Plaintiff claims that this was "an unfair and discriminatory act not based on academic failures but academic malpractice at the highest level of intellectual pursuits." *Id.*

More specifically, plaintiff asserts that "[t]here was no objectivity to the administration of their discriminatory weapon using 'Comprehensive Exam' after [she] successfully completed all Coursework with high assessable Grade points." *Id.* She complains that the "Comp Exam" at Lindenwood University "had no catalogs or coursework that must be undertaken and passed; No Syllabus or Curriculum with study materials as well as needed preparations for either classroom work, homework or research; No provision for directions and guidelines on what needs to be covered or learned by 'Examinees'; There was [sic] no previous question papers made available to [her]; Rather, the Comp Exam was dubious and administered in secrecy. It lacks transparency but suspicious [sic] except to some favored candidates of their choice." *Id.* at 5-6. Plaintiff further contends that the

"manner and conduct of that so called 'Exam' . . . is more of a cult than an academic arrangement because only those who belonged to that cult would be made to succeed 'AT THE END?'" *Id.* at 6. According to plaintiff, "[m]any victims regard that exercise as a weapon of unfairness and deceit meant to victimize and segregate those to be awarded the Ed.D Doctorate Certificate despite the Students' academic brilliance."

Plaintiff alleges that defendants are "henchmen" who used "unfairness based on [plaintiff's] national origin." *Id.* She considers their actions "against [her] as unfair, premeditated, discriminatory, illegal, unjustifiable, heartless, immoral, and disgraceful." *Id.* Plaintiff complains that, on the first day of class, defendant Long asked everyone to introduce themselves, and then asked plaintiff, "Where are you originally from?" Plaintiff responded that she is from Africa. She further complains that Long then asked her, "Where in Africa?" After plaintiff responded that she is from Nigeria, Long said, "You have a kind of peculiar name." *Id.* at 7-8. Several weeks later, Long allegedly commented to plaintiff that she has a thick accent. At a later time, plaintiff complains that Long asked her where she learned English and asked if she studied in Africa or in the United States. Last, plaintiff claims that after the "Comp Exams," Long told her she should "immediately go to the Immigration Office to sort out [her] papers for further stay in the U.S." *Id.* at 8.

5

Plaintiff asserts, "That speaks for itself as reminder [sic] to position [her] and go back to [her] place of origin!" *Id.*

Regarding defendant Stewart, plaintiff alleges, "He is without doubt the grand patron for the actualization and perpetuation of discrimination against all victims of my type who had close contact and, the fact could be proven if proper investigations are carried out." Plaintiff complains that Stewart "refused audience to entertain [her] requests for appointment with her," and that on December 15, 2014, Stewart "confronted [her] with . . . a series of silly questions imaginable for [her] purpose. . . Their typical focus hinge [sic] at probing [her] National Origin." *Id.*

Last, plaintiff alleges that defendant Bice "sanctions and approves of every act by the two mentioned earlier. She appears to play an indirect role but fully aware [sic] and work [sic] in tandem . . . Since all they do is right she never demonstrated to disagree nor disapprove and that is why [plaintiff] was thrown out completely without remorse." *Id.* at 9. Plaintiff concludes that "to them [her] type of personality identified by national origin and peculiar color do not deserve to earn a Doctoral Degree but should be disqualified by all means." *Id.*

## Discussion

At the outset, the Court will liberally construe the complaint as having been brought pursuant to 42 U.S.C. § 1983; Title IV of the Civil Rights Act of 1964

("Title IV"), 42 U.S.C. § 2000c *et seq.*; Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; the Equal Educational Opportunities Act of 1974 ("EEOA"), 20 U.S.C. § 1701 *et seq.*; Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182; Title IX of the Educational Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794; and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Moreover, the Court takes judicial notice that defendant Lindenwood University is a private liberal arts university located in St. Charles, Missouri, and notes that plaintiff does not allege that Lindenwood is a public university or a state actor.

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed as legally frivolous. Although plaintiff attempts to assert claims for the violation of a myriad of federal statutes, her summary and formulaic allegations fail to state a claim or cause of action for illegal termination from Lindenwood University's doctoral degree program. *See Iqbal*, 129 S. Ct. at 1950-51 (2009). Additional grounds for the Court's pre-service dismissal of this action are set forth below.

### A. Section 1983 Fourth Amendment Claims

Plaintiff attempts to assert a Fourth Amendment violation based on her termination from Lindenwood University's doctoral degree program; however, her

7

allegations simply do not rise to the level of a constitutional violation and fail to state a claim or cause of action under § 1983. To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff has failed to allege, and there is no indication, that any of the individuals named as defendants in this action are state actors within the meaning of § 1983. *See Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007) (in general the "state actor" requirement prevents the law from reaching the conduct of private parties acting in their individual capacities). For these additional reasons, plaintiff's Fourth Amendment § 1983 claims are legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).

### B. Title IV, Title VI, Title IX, EEOA, and RA Claims

Title IV, Title VI, Title IX, the EEOA, and § 504 of the RA are federal laws that protect individuals from various forms of discrimination in *public* programs. As previously mentioned, Lindenwood is a private university, and plaintiff does not allege that it is a public institution or is otherwise subject to any of these statutes. *See, e.g., Scarlett v. Sch. of the Ozarks, Inc.*, 780 F. Supp. 2d 924, 933-934 (W.D. Mo. 2011) (setting forth elements of Title VI prima facie case) (citing *Tolbert v.*

8

*Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001)); *Jackson v. Conway*, 476 F. Supp. 896, 903 (E.D. Mo. 1979); *Thompson v. Bd. of the Special Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998). As such, plaintiff has failed to state a claim or cause of action under Title IV, Title VI, Title IX, the EEOA, and/or § 504 of the RA.

In addition, the Court notes that Title IX bans discrimination on the basis of gender or sex. Plaintiff does not allege that she was discriminated against on the basis of gender or sex, and therefore, she has failed to state a claim under Title IX. Furthermore, individuals are improper defendants under Title IX. *See Goonewardena v. New York*, 475 F. Supp. 2d 310, 330 (S.D.N.Y. 2007).

Similarly, the Court notes that individuals cannot be held personally liable under Title VI. *See Ajiwoju v. Cottrell*, 2005 WL 1026702 at *1 (W.D.Mo. May 2, 2005); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 (11th Cir. 2003); *N.J. Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, No. 09-683-KSH, 2010 U.S. Dist. LEXIS 66605, at *60 (D.N.J. June 30, 2010); *Gomiller v. Dees*, No. 4:06CV33-D-B, 2007 U.S. Dist. LEXIS 23230, at *11 (N.D.Miss. Mar. 28, 2007); *see also Steel v. Alma Public Sch. Dist.*, 162 F. Supp.2d 1083, 1085 (W.D. Ark. 2001) (in the Title IX context, school officials may not be sued in their individual capacities; Title IX and Title VI are parallel statutes and operate in the same manner).

The Court further finds that plaintiff fails to state a claim for Title VI violations against defendant Lindenwood University. "[R]ather than asserting a claim alleging that [the University's] policies or general practices are discriminatory, [plaintiff] seeks to hold [the University] accountable for the acts of [its] employees." *Goonewardena*, 475 F. Supp. 2d at 328. Lindenwood University, however, cannot be held vicariously liable under Title VI for the actions of individual actors. *See Santos*, 2009 U.S. Dist. LEXIS 106143, at *21; *Earl v. Fresno Unified Sch. Dist. Bd. of Educ.*, No. 1:11-CV-01568-LJO-GSA, 2012 U.S. Dist. LEXIS 64537, at *11-12 (E.D.Cal. May 7, 2012); *Vouchides v. Houston Cmty. College Sys.*, H-10-2559, 2011 U.S. Dist. LEXIS 112609, at *17-18 (S.D.Tex. Sept. 30, 2011); *Manuel v. City of Bangor*, No. 09-CV-339-B-W, 2009 U.S. Dist. LEXIS 98031, at *11-12 (D.Me. Oct. 21, 2009); *Hurd v. Del. State Univ.*, No. 07-117-MPT, 2008 U.S. Dist. LEXIS 73448, at *20 (D.Del. Sept. 25, 2008). "An institution is only liable if it intentionally harassed or discriminated on the basis of race or nationality." *Hurd*, 2008 U.S. Dist. LEXIS 73448, at *20. Because plaintiff alleges only vicarious liability against Lindenwood University, her Title VI allegations fail to state a claim or cause of action. Additionally, the Court further finds that plaintiff has failed to identify a specific policy or procedure that is the basis of her Title VI claims against Lindenwood University.

Plaintiff has also failed to state a claim under the EEOA, given that "the language and structure of the EEOA firmly indicate that Congress authorized only equitable remedies for violations of the statute . . . [M]onetary damages are unavailable under the EEOA." *Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 799 (8th Cir. 2010). As previously noted, plaintiff requests solely monetary relief in the instant action.

For these reasons, the Court will dismiss as legally frivolous and for failure to state a cause of action, pursuant to § 1915(e)(2)(B), plaintiff's claims under Title IV, Title VI, Title IX, the EEOA, and the RA.

### C. ADA Claims

Plaintiff claims that defendants violated Title III of the ADA. The purpose of Title III of the ADA is to "provide clear, strong, consistent, enforceable standards" to remedy discrimination in places of public accommodation. 42 U.S.C. § 12101(b)(2). Under Title III, places of public accommodation include "undergraduate[] or postgraduate private schools." 38 C.F.R. § 36.104. That said, however, only employers, not individuals, can be liable under the ADA, *Shiflett v. GE Fanuc Automation Corp.*, 1996 WL 481082 at *5 (W.D.Va. July 23, 1996), and an individual may sue under Title III for injunctive relief only. 42 U.S.C. § 12188(a)(1); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). As this

11

Court has previously noted, plaintiff prays only for monetary relief in this action. Thus, plaintiff's ADA claims are legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).

### D. IDEA Claims

Plaintiff summarily alleges that defendants violated her rights under the IDEA. The IDEA governs early intervention, special education, and related services for disabled school children ages three through twenty-one, or until high school graduation, and requires public schools to create an individualized education plan for each disabled child. *Dombrowski v. Wissahickon Sch. Dist.,* 2003 WL 22271654 (E.D.Penn. 2003). Clearly, the IDEA is inapplicable in the instant case, and thus, plaintiff's claims are legally frivolous and will also be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF Doc. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF Doc. 4] is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of January, 2016.

*Ronnie L. White*
**RONNIE l. WHITE**
**UNITED STATES DISTRICT JUDGE**